IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(KANSAS CITY DOCKET)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  16-MJ-8124-JPO |
| ) | |
| LOGAN VIQUESNEY, ) | |
| ) | |
| Defendant. ) | |

## CRIMINAL COMPLAINT

I, Angie R. Jones., the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief, and establishes probable cause that the following offense has been committed:

### COUNT 1

On or about June 1, 2016, in the District of Kansas, the defendant,

**LOGAN VIQUESNEY,**

knowingly transported S.L., an individual who has not attained the age of 18 years, in interstate commerce, with intent that the individual engage in sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2423(a).

I am a Senior Special Agent (SSA) with the Kansas Bureau of Investigation (KBI) and have been since May 2001.  I am currently assigned to the FBI Child Exploitation Task Force, Kansas City, Missouri.   Since June

2003, I have been assigned to investigate violations against children. I have gained expertise in the conduct of such investigations through training in seminars, classes and everyday work related to conducting these types of investigations.

I make this complaint in support of an arrest warrant for Logan Viquesney under 18 U.S.C 2423(a). The facts in this affidavit come from personal observations, experience and information obtained from other agents, law enforcement and witnesses involved in the case. This affidavit is intended to show merely that there is sufficient probable cause for the requested arrest warrant and does not set forth all of my knowledge about this matter

1. On May 30, 2016, S.L., a 16 year old juvenile, went missing from her grandparents' home in Dumphries, Virginia. Relatives noted her missing when she did not return to the home in the evening. Relatives contacted local law enforcement. S.L.'s immediate family is located in the Kansas City, Missouri metropolitan area.

2. S.L.'s family attempted to locate S.L.'s phone but the phone was shut off. S.L.'s family then used social media in an effort to locate S.L. and found messages on Facebook of S.L. indicating he/she was lonely in Virginia. There was a message responding from an individual, Logan Viquesney, indicating he was also in Dumphries, Virginia. S.L.'s family looked further at S.L.'s Facebook page and located a phone number associated with Logan Viquesney's Facebook account. A records check of the phone number provided that it was

subscribed to Viquesney. Family then contacted law enforcement in Lenexa, Kansas, on June 1, 2016.

3. On June 1, 2016, law enforcement officers with Lenexa, Kansas, responded to known residences of Viquesney. Detectives were able to speak with an ex-roommate of Viquesney, who stated he had kicked Viquesney out for not paying his half of the bills. The Detectives also went to Viquesney's last place of employment where they made contact with Viquesney's mother, Kerri Viquesney. Kerri was cooperative and informed investigators that she was aware that Viquesney was in Dumphries, VA on May 29, 2016, and in Illinois on May 31, 2016. Viquesney had told his mother that he was going to VA to purchase a vehicle. Kerri attempted to contact her son but the telephone number she had was no longer in service.

4. One of Viquesney's former roommates re-contacted Lenexa PD and said that Viquesney had just texted him from an unknown number. Law enforcement officers were able to determine the location on that phone. The cell phone was travelling westbound on Interstate 70 near Oak Grove, Missouri. Viquesney's roommate further cooperated with law enforcement, telling investigators that he was communicating with Viquesney and that Viquesney was "freaking out" because he had taken a girl from Virginia. Viquesney's ex-roommate was able to get Viquesney to stay at a location, pretending that he would meet Viquesney. Lenexa Detectives contacted Task

Force Officers with the FBI for assistance and together they were able to locate Viquesney and S.L. in Kansas City, Kansas.

5. Law enforcement officers approached Viquesney while Viquesney and S.L. were parked in a parking lot in Kansas City, KS. Viquesney was placed into custody without incident. When S.L. exited the vehicle, she stated "thanks for saving me." Both Viquesney and S.L. were transported to the FBI, 1300 Summit, Kansas City, Missouri.

6. On June 1, 2016, (interview of S.L.) Task Force Officers (TFOs) Angie Jones and Chris Moore, spoke with S.L. at the Kansas City Division of the FBI. After being advised of the identities of the interviewing agents and the nature of the investigation, S.L. provided the following information:

    a. S.L. was residing with family in Dumphries, Virginia for part of the summer. She was depressed and lonely and made contact with a former friend of hers, "Logan," on Facebook. She met Logan a couple of years ago when he brought another friend over to her residence in Grain Valley, Missouri. He came to her residence on several occasions with their mutual friend and he took her to the friend's residence on one occasion. She stopped talking to Logan because he continually came onto her and she did not want it.

    b. During their recent communications on Facebook, S.L. told Logan she was lonely and wanted to leave Virginia.

c.  Logan told S.L. he was on his way to Virginia to pick her up. She did not know whether to believe him so she kept asking him and he proved he was on his way by sending photos of his route, maps, etc...

d.  Logan picked her up at the address she provided to him, her cousin's residence in Dumphries, VA.  When she entered the vehicle, he told her to log out of all her accounts and turn off her electronic devices.

e.  They traveled to Baltimore, MD and sat on the beach.  From there they traveled toward the Midwest stopping a few times to sleep at rest stops or along the side of the road.  They stayed in a motel between Illinois and St. Louis, MO, called the Relax Inn on Tuesday, May 31, 2016.

f.  While at the motel, S.L. and Logan engaged in vaginal intercourse.  He did not wear a condom and he ejaculated inside her.  She did not shower or change clothes.

g.  On June 1, 2016, they stopped at an AT&T store.  S. L. stayed in the vehicle while Logan took her iPhone into the store and had a new number assigned to her device and put it on his phone account.

h.  While traveling, Logan was concerned about getting caught so he reached out to a friend, "Jay."  Logan made arrangements to

  meet "Jay" in Kansas City, KS. While they were waiting at the location, law enforcement showed up and took S.L. into their custody.

7. Following the interview of S.L., TFOs Jones and Moore escorted S.L. to Shawnee Mission Medical Center for a forensic examination. Several samples were taken as evidence and will be submitted to the FBI Laboratory for testing.

8. On June 2, 2016, TFO Jones contacted S.L. by telephone for a follow up. S.L. stated she had been honest with Logan about her age when she met him a couple of years ago. She never lied to him about her age. While traveling from Virginia, prior to the sexual intercourse, they discussed her age in the car. He told her he could get in trouble for transporting a 16 year old without permission.

9. On June 1, 2016, Supervisory Special Agent (SSA) Heith Janke and TFO Derrick Wilczek, spoke with Logan Viquesney at the Kansas City Division of the FBI. After being advised of the identities of the interviewing agents, and the nature of the investigation, as well as being advised of his *Miranda* warnings, and Viquesney signing a waiver of those rights, Viquesney provided the following information:

  a. Viquesney met S.L. in 2014 through a mutual friend. The two maintained contact through social media accounts, telephone calls, and text messages. During the initial time of contact in 2014, Viquesney and

S.L. met in person on only one occasion. That meeting took place at S.L.'s residence in Grain Valley, Missouri. S.L.'s older sister blocked and deleted Viquesney on a social media network precluding further contact. Viquesney also believed S.L.'s cell phone account was set to block his calls and messages soon thereafter.

b.  Approximately one week ago, Viquesney received a social media network friend request from S.L. After accepting the request, Viquesney received messages from S.L. informing him she was in Virginia. Viquesney asked if he could visit S.L. She agreed and provided him the address of the residence in which she was staying.

c.  On May 29, 2016, Viquesney departed Kansas City, Kansas driving a black Ford Fiesta rental vehicle. Viquesney made contact with S.L. after arriving at the address she provided on May 30, 2016. S.L. gathered items of clothing and entered the Ford Fiesta. Viquesney drove S.L. away from the residence, traveling through multiple states as the two moved west. Viquesney received telephone calls from a Police Officer who asked if he was with or had information about S. L. Viquesney lied to the Police Officer and denied having knowledge or contact with S.L. Further, Viquesney received a telephone communication from S.L.'s father who also inquired about S.L.'s location. Viquesney lied to S.L.'s father, advising he did not have contact. Viquesney initially believed S.L. to be 17 years of age until S.L. disclosed her true age of 16 during the travels.

  d. Viquesney and S.L. arrived in the area of "East St. Louis" conducted an internet search for inexpensive hotels. After locating a suitable option, Viquesney registered a hotel room at an establishment in "East St. Louis". Viquesney provided his Kansas Driver's License to employees as he paid $35 cash for a one night stay for two individuals. S. L. remained in the vehicle as Viquesney registered the hotel room. Inside the hotel room, Viquesney engaged in vaginal sex with S.L. He noted S.L. was "on her period" and that the sexual intercourse was unprotected.

10. A criminal history check revealed that Viquesney is a registered sex offender from a 2014 Aggravated Indecent Solicitation of a Minor conviction. The victim was 12.

11. TFO Jones reviewed the statutes for both Illinois and Missouri regarding age of consent and identified statutes reflecting illegal sex acts:

  a. Illinois 720 ILCS 5/11-1.50 (c), Criminal Sexual Abuse, A person commits criminal sexual abuse if that person commits an act of sexual penetration or sexual conduct with a victim who is at least 13 years of age but under 17 years of age and the person is less than 5 years older than the victim.\

  b. Missouri 566.068, Child Molestation, second degree, A person commits the crime of child molestation in the second degree if he or she subjects another person who is less than seventeen years of age to sexual contact.

_____
Angie R. Jones
Special Agent, Kansas Bureau of Investigation

    Sworn to and attested by affiant via telephone after being submitted to me by reliable electronic means on June 2, 2016.


_____
Honorable David J. Waxse
United States Magistrate Judge

**PENALTIES**

Count One: 18 U.S.C. § 2423(a).

    Not less than 10 years nor more than life imprisonment
    Not more than a $250,000 fine
    Not more than 5 year of supervised release
    $100 special crime victims fund assessment