FILED IN OPEN COURT
S/31/17
TIMOTHY M. O'BRIEN, CLERK
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 16-20060-JAR |
| vs | ) | |
| | ) | |
| LOGAN VIQUESNEY | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)

The United States of America, by and through Kim I. Flannigan, Assistant United States

Attorney, and Logan Viquesney, the defendant, personally and by and through his attorney, Tim

Burdick, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the

Federal Rules of Criminal Procedure:

1.     **Defendant's Guilty Plea.**   If the Court permits, the defendant agrees to plead

guilty to Count 1 of the Indictment filed June 29, 2016, charging a violation of Title 18 United

States Code Section 2423(a) and2426, Transportation of a Minor with Intent to Engage in

Criminal Sexual Activity, by entering into this plea agreement, the defendant admits to

knowingly committing this offense, and to being guilty of it.   The defendant understands that the

maximum sentence which may be imposed as to Count 1 of the Indictment to which the

defendant has agreed to plead guilty is not less than 10 years and not more than life

imprisonment, a $250,000 fine, a period of not less than 5 years nor more than life of supervised

release, and a $100 mandatory special assessment.

2.     **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the

offense to which the defendant is pleading guilty are as follows:

1

On May 30, 2016, S.L., a 16-year-old juvenile, went missing from her grandparents' home in Dumphries, Virginia. Relatives noted her missing when she did not return to the home in the evening. Relatives contacted local law enforcement. S.L.'s immediate family is located in the Kansas City, Missouri metropolitan area.

S.L.'s family attempted to locate S.L.'s phone but the phone had been shut off. S.L.'s family then used social media in an effort to locate S.L. and found messages on Facebook of S.L. indicating he/she was lonely in Virginia. There was a message responding from an individual, Logan Viquesney, indicating he was also in Dumphries, Virginia. S.L.'s family looked further at S.L.'s Facebook page and located a phone number associated with the defendant Logan Viquesney's Facebook account. A records check of the phone number provided that it was subscribed to the defendant. Family then contacted law enforcement in Lenexa, Kansas, on June 1, 2016.

On June 1, 2016, law enforcement officers with Lenexa, Kansas, responded to a known residence of the defendant. Detectives were able to speak with an ex-roommate of the defendant, who stated he had kicked the defendant out for not paying his half of the bills. The Detectives also went to the defendant's last place of employment where they made contact with the defendant's mother, Kerri Viquesney. Kerri was cooperative and informed investigators that she was aware the defendant was in Dumphries, VA on May 29, 2016, and in Illinois on May 31, 2016. The defendant had told his mother he was going to VA to purchase a vehicle. Kerri attempted to contact her son but the telephone number she had was no longer in service.

One of the defendant's former roommates re-contacted Lenexa PD and said the defendant had just texted him from an unknown number. Law enforcement officers were able to determine the location on that phone. The cell phone was travelling westbound on Interstate 70 near Oak Grove, Missouri. The defendant's roommate further cooperated with law enforcement, telling investigators that he was communicating with the defendant and the defendant was "freaking out" because he had taken a girl from Virginia. The defendant's ex-roommate was able to get the defendant to stay at a location, pretending that he would meet the defendant. Lenexa Detectives contacted Task force Officers with the FBI for assistance and together they were able to locate the defendant and S.L. in Kansas City, Kansas.

Law enforcement officers approached the defendant while the defendant and S.L. were parked in a parking lot in Kansas City, KS.   The defendant was placed into custody without incident. When S.L. exited the vehicle, she stated "thanks for saving me." Both the defendnt and S.L. were transported to the FBI, 1300 Summit, Kansas City, Missouri.

On June 1, 2016, (interview of S.L.) Task Force Officers (TFOs) Angie Jones and Chris Moore, spoke with S.L. at the Kansas City Division of the FBI. After being advised of the identities of the interviewing agents and the nature of the investigation, S.L. provided the following information:

S.L. was residing with family in Dumphries, Virginia for part of the summer. She was depressed and lonely and made contact with a former friend of hers, "Logan," on Facebook. She

2

met Logan a couple of years ago when he brought another friend over to her residence in Grain Valley, Missouri. He came to her residence on several occasions with their mutual friend and he took her to the friend's residence on one occasion. She stopped talking to Logan because he continually came onto her and she did not want it. During their recent communications on Facebook, S.L. told Logan she was lonely and wanted to leave Virginia.

Logan told S.L. he was on his way to Virginia to pick her up. She did not know whether to believe him so she kept asking him and he proved he was on his way by sending photos of his route, maps, etc...Logan picked her up at the address she provided to him, which was her cousin's residence in Dumphries, VA. When she entered the vehicle, he told her to log out of all her accounts and turn off her electronic devices.

S.L. and the defendant traveled to Baltimore, MD and sat on the beach. From there they traveled toward the Midwest stopping a few times to sleep at rest stops or along the side of the road. They stayed in a motel between Illinois and St. Louis, MO, called the Relax Inn on Tuesday, May 31, 2016.   While at the motel, S.L. and Logan engaged in vaginal intercourse. He did not wear a condom and he ejaculated inside her.   She did not shower or change clothes.

On June 1, 2016, S.L. stated they stopped at an AT&T store. S. L. stayed in the vehicle while Logan took her iPhone into the store and had a new number assigned to her device and put it on his phone account. While traveling, the defendant was concerned about being caught so he reached out to his friend, "Jay." The defendant arranged to meet "Jay" in Kansas City, KS. While they were waiting at the location, law enforcement showed up and took S.L. into their custody.

Following the interview of S.L., Agents Jones and Moore escorted S.L. to Shawnee Mission Medical Center for a forensic examination. Several samples were taken as evidence were submitted to the FBI Laboratory for testing.   The lab results identified the presence of the defendant's semen on S.L.'s vaginal opening, labia, chest, and abdomen.

On June 2, 2016, Agent Jones contacted S.L. by telephone for a follow up. S.L. stated she had been honest with the defendant about her age when she met him a couple of years ago. She never lied to him about her age.   While traveling from Virginia, prior to the sexual intercourse, they discussed her age in the car. He told her he could get in trouble for transporting a 16 year old without permission.

On June 1, 2016, Supervisory Special Agent (SSA) Heith Janke and TFO Derrick Wilczek, spoke with the defendant at the Kansas City Division of the FBI. After being advised of the identities of the agents, and being advised about the nature of the investigation, as well as being advised of his *Miranda* warnings, the defendant signed a waiver of his rights and provided a statement.

The defendant met S.L. in 2014 through a mutual friend. The two maintained contact through social media accounts, telephone calls, and text messages. During the initial time of contact in 2014, the defendant and S.L. met in person on only one occasion. That meeting took place at S.L.'s residence in Grain Valley, Missouri. S.L.'s older sister blocked and deleted the

3

defendant on a social media network precluding further contact.   The defendant also believed S.L.'s cell phone account was set to block his calls and messages soon thereafter.

Approximately one week prior, the defendant received a social media network friend request from S.L. After accepting the request, the defendant received messages from S.L. informing him she was in Virginia. The defendant asked if he could visit S.L. She agreed and provided him the address of the residence in which she was staying.

On May 29, 2016, the defendant departed Kansas City, Kansas driving a black Ford Fiesta rental vehicle. The defendant made contact with S.L. after arriving at the address she provided on May 30, 2016. S.L. gathered items of clothing and entered the Ford Fiesta. The defendant drove S.L. away from the residence, traveling through multiple states as the two moved west. The defendant received telephone calls from a Police Officer who asked if he was with or had information about S. L. The defendant lied to the Police Officer and denied having knowledge or contact with S.L. Further, the defendant received a telephone communication from S.L.'s father who also inquired about S.L.'s location.   The defendant lied to S.L.'s father, advising he had not had contact with her.   The defendant initially believed S.L. to be 17 years of age until S.L. disclosed her true age of 16 during the travels.

The defendant and S.L. arrived in the area of "East St. Louis" conducted an internet search for inexpensive hotels. After locating a suitable option, the defendant registered a hotel room at an establishment in "East St. Louis".   The defendant provided his Kansas Driver's License to employees as he paid $35 cash for a one-night stay for two individuals. S. L. remained in the vehicle as the defendant registered the hotel room. Inside the hotel room, the defendant engaged in vaginal sex with S.L. He noted S.L. was "on her period" and that the sexual intercourse was unprotected.

A criminal history check revealed the defendant is a registered sex offender from a conviction in 2014 for Aggravated Indecent Solicitation of a Minor. The victim in that case was 12 year old.

Agent Jones reviewed the statutes for both Illinois and Missouri regarding age of consent and identified statutes reflecting illegal sex acts:

Illinois 720 ILCS 5/ 11-1.50 (c), Criminal Sexual Abuse, a person   commits   criminal sexual   abuse   if that   person   commits   an act of sexual penetration or sexual conduct with a victim who is at least 13 years of age but   under 17 years of age   and   the   person is   less than   5 years   older   than   the victim.

Missouri 566.068, Child Molestation, second degree, a person commits the crime of child molestation in the second degree if he or she subjects another person who is less than seventeen years of age to sexual contact.

**3.**   <u>**Proposed (c)(1)(C) Sentence.**</u>      The parties propose, as an appropriate

disposition of the case, a sentence of 180 months in prison for defendant's violation of Title 18 United States Code Section 2423(a) and 2426; an amount of restitution to be determined by the District Court at sentencing; 20 years of supervised release; and the mandatory special assessment of $100 to be paid during the defendant's incarceration.   The parties seek this binding plea agreement as an appropriate disposition of the case because it brings certainty to the sentencing process and assures that the defendant and the government will benefit from the bargain they have struck if the Court permits itself to be bound by the proposed sentence; the interests of justice are served by the sentence, thereby assuring that the sentence is consistent with the sentencing factors of 18 U.S.C. § 3553(a); and if the Court does not agree with the sentence, the parties may be restored to the positions they maintained prior to reaching this plea agreement.   This agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, public defender, probation office, U.S. Marshals Service and other law enforcement resources.

  **4.**  <u>**Application of the Sentencing Guidelines.**</u> The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines because the parties are requesting a sentence at or near the anticipated guideline range.

  **5.**  <u>**Government's Additional Agreement .**</u> In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas also agrees not to file any additional charges against the defendant arising out of the facts forming the basis for the Indictment.

  **6.**  <u>**Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.**</u> The Court has no obligation to accept the proposed plea agreement and sentence.   It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an

appropriate disposition of the case.

7. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** On the other hand, if the Court agrees to be bound by proposed plea agreement and accepts the defendant's plea of guilty, the defendant will not be permitted to withdraw it. Only if the Court rejects the proposed plea agreement will the defendant be permitted to withdraw his guilty plea.

8. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count will be entered against the defendant at the time of sentencing. The parties acknowledge the defendant is without adequate resources to pay the special assessment at the time of sentencing and agree to recommend that the Court order payment to occur during the defendant's period of incarceration.

9. **Waiver of Appeal and Collateral Attack.** If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence, (including any terms of supervised release, or any sentence imposed upon revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the range agreed to by the parties. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18,

U.S.C. § 3582(c)(2), and a motion brought under Fed.   Rule of Civ. Pro. 60(b).
Notwithstanding the forgoing waivers, the parties understand that the defendant in no way
waives any subsequent claims with regards to ineffective assistance of counsel or
prosecutorial misconduct.

      **10.**    **Waiver of FOIA Request.**   The defendant waives all rights, whether asserted
directly or by a representative, to request or receive from any department or agency of the United
States any records pertaining to the investigation or prosecution of this case including, without
limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C.
§ 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a

      **11.**    **Full Disclosure by United States.**   The defendant understands the United States
will provide to the court and the United States Probation Office all information it deems relevant
to determining the appropriate sentence in this case.   This may include information concerning
the background, character, and conduct of the defendant including the entirety of the defendant's
criminal activities.   The defendant understands these disclosures are not limited to the count to
which the defendant has pled guilty.   The United States may respond to comments made or
positions taken by the defendant or defendant's counsel and to correct any misstatements or
inaccuracies.   The United States further reserves its right to make any recommendations it
deems appropriate regarding the disposition of this case, subject only to any limitations set forth
in this plea agreement.   The defendant also has the right to provide information concerning the
offense and to make recommendations to the court and the United States Probation Office.

      **12.**    **Parties to the Agreement.**   The defendant understands this plea agreement binds
only the defendant and the United States Attorney for the District of Kansas, and that it does not
bind any other federal, state, or local prosecution authority.

13.   **No Other Agreements**.   The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel.   Further, the defendant acknowledges that he has had the plea agreement read to him, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion.   The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties.

The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

_____     Date: _5-25-16_
SCOTT RASK, #15643
Criminal Coordinator
Kansas City, Kansas
500 State Avenue, Suite 360
Kansas City, Kansas
(913) 551-6730 (telephone)
E-Mail Scott. Rask@usdoj.gov

_____     Date: _5/25/17_
KIM I. FLANNIGAN, # 13407
Assistant United States Attorney

_____     Date: _5/31/17_
LOGAN VIQUESNEY
Defendant

_____     Date: _5/31/17_
TIM BURDICK
Attorney for Defendant Logan Viquesney

8