# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

                                        Crim. No. 16-20060-01-JAR
                                        Civ. 18-2152-JAR

vs.

**LOGAN VIQUESNEY,**

    **Defendant/Petitioner,**

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The United States of America, by and through Stephen McAllister, United States Attorney for the District of Kansas, and Kim I. Flannigan, Assistant United States Attorney, hereby responds to the defendant's "Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255." For the reasons stated in this response, the United States respectfully requests the defendant's Motion be denied.

## STATEMENT OF FACTS

On May 30, 2016, S.L., a 16-year-old juvenile, went missing from her grandparents' home in Dumphries, Virginia. Relatives noted her missing when she did not return to the home in the evening. Relatives contacted local law enforcement. S.L.'s immediate family is located in the Kansas City, Missouri metropolitan area. S.L.'s family attempted to locate S.L.'s phone but the phone had been shut off. S.L.'s family then used social media in an effort to locate S.L. and found messages on Facebook of S.L. indicating she was lonely in

Virginia. There was a message responding to her post from an individual, Logan Viquesney, indicating he was also in Dumphries, Virginia. S.L.'s family looked further at S.L.'s Facebook page and located a phone number associated with the defendant Logan Viquesney's Facebook account. A records check of the phone number established it was subscribed to the defendant. Family then contacted law enforcement in Lenexa, Kansas, on June 1, 2016.

On June 1, 2016, law enforcement officers with Lenexa, Kansas, responded to the last known residence of the defendant. Detectives were able to speak with an ex-roommate of the defendant, who stated he had kicked the defendant out for not paying his half of the bills. The Detectives also went to the defendant's last place of employment where they made contact with the defendant's mother, Kerri Viquesney.   Ms. Viquesney was cooperative and informed investigators that she was aware the defendant was in Dumphries, VA on May 29, 2016, and in Illinois on May 31, 2016. The defendant had told his mother he was going to VA to purchase a vehicle. Ms. Viquesney attempted to contact her son but the telephone number she had was no longer in service.

One of the defendant's former roommates re-contacted Lenexa PD and said the defendant had just texted him from an unknown number. Law enforcement officers were able to determine the location on that phone. The cell phone was travelling westbound on Interstate 70 near Oak Grove, Missouri. The defendant's roommate further cooperated with law enforcement, telling investigators that he was communicating with the defendant and the defendant was "freaking out" because he had taken a girl from Virginia. The defendant's ex-roommate was able to get the defendant to stay at a location, pretending that

2

he would meet the defendant. Lenexa Detectives contacted Task force Officers with the FBI for assistance and together they were able to locate the defendant and S.L. in Kansas City, Kansas.

Law enforcement officers approached the defendant while the defendant and S.L. were parked in a parking lot in Kansas City, KS. The defendant was placed into custody without incident. When S.L. exited the vehicle, she stated "thanks for saving me." Both the defendant and S.L. were transported to the FBI office located at 1300 Summit, Kansas City, Missouri.

On June 1, 2016, (interview of S.L.) Task Force Officers (TFOs) Angie Jones and Chris Moore, spoke with S.L. at the Kansas City Division of the FBI. After being advised of the identities of the interviewing agents and the nature of the investigation, S.L. provided the following information:

S.L. was residing with family in Dumphries, Virginia for part of the summer. She was depressed and lonely and made contact with a former friend of hers, "Logan," on Facebook. She met Logan a couple of years ago when he brought another friend over to her residence in Grain Valley, Missouri. He came to her residence on several occasions with their mutual friend and he took her to the friend's residence on one occasion. She stopped talking to Logan because he continually came onto her and she did not want it. During their recent communications on Facebook, S.L. told Logan she was lonely and wanted to leave Virginia.

Logan told S.L. he was on his way to Virginia to pick her up. She did not know whether to believe him so she kept asking him, and he proved he was on his way by sending

photos of his route, maps, etc...Logan picked her up at the address she provided to him, which was her cousin's residence in Dumphries, VA. When she entered the vehicle, he told her to log out of all her accounts and turn off her electronic devices.

S.L. and the defendant traveled to Baltimore, MD and sat on the beach. From there they traveled toward the Midwest stopping a few times to sleep at rest stops or along the side of the road. They stayed in a motel between Illinois and St. Louis, MO, called the Relax Inn on Tuesday, May 31, 2016. While at the motel, S.L. and Logan engaged in vaginal intercourse. He did not wear a condom and he ejaculated inside her. She did not shower or change clothes.

On June 1, 2016, S.L. stated they stopped at an AT&T store. S. L. stayed in the vehicle while Logan took her iPhone into the store and had a new number assigned to her device and put it on his phone account. While traveling, the defendant was concerned about "being caught" so he reached out to his friend, "Jay." The defendant arranged to meet "Jay" in Kansas City, KS.   While they were waiting at the location, law enforcement showed up and took S.L. into their custody.

Following the interview of S.L., Agents Jones and Moore escorted S.L. to Shawnee Mission Medical Center for a forensic examination. Several samples taken during the exam were submitted to the FBI Laboratory for testing. The lab results identified the presence of the defendant's semen on S.L.'s vaginal opening, labia, chest, and abdomen.

On June 2, 2016, Agent Jones contacted S.L. by telephone for a follow up. S.L. stated she had been honest with the defendant about her age when she met him a couple of

years ago. She never lied to him about her age.   While traveling from Virginia, prior to the sexual intercourse, they discussed her age in the car. He told her he could get in trouble for transporting a 16 year old without permission.

On June 1, 2016, Supervisory Special Agent (SSA) Heith Janke and TFO Derrick Wilczek, spoke with the defendant at the Kansas City Division of the FBI. After being advised of the identities of the agents, and being advised about the nature of the investigation, as well as being advised of his *Miranda* warnings, the defendant signed a waiver of his rights and provided a statement.

The defendant met S.L. in 2014 through a mutual friend. The two maintained contact through social media accounts, telephone calls, and text messages. During the initial time of contact in 2014, the defendant and S.L. met in person on only one occasion. That meeting took place at S.L.'s residence in Grain Valley, Missouri. S.L.'s older sister blocked and deleted the defendant on a social media network precluding further contact. The defendant also believed S.L.'s cell phone account was set to block his calls and messages soon thereafter.

Approximately one week prior, the defendant received a social media friend request from S.L. After accepting the request, the defendant received messages from S.L. informing him she was in Virginia. The defendant asked if he could visit. She agreed and provided him the address of the residence where she was staying.

On May 29, 2016, the defendant departed Kansas City, Kansas driving a black Ford Fiesta rental vehicle. The defendant made contact with S.L. after arriving at the address she provided on May 30, 2016. S.L. gathered items of clothing and entered the Ford Fiesta.

The defendant drove S.L. away from the residence, traveling through multiple states as the two moved west. The defendant received telephone calls from a Police Officer who asked if he was with or had information about S. L. The defendant lied to the Police Officer and denied having knowledge of, or contact with S.L. Further, the defendant received a telephone communication from S.L.'s father who also inquired about S.L.'s location. The defendant lied to S.L.'s father, advising he had not had contact with her. The defendant claimed he initially believed S.L. to be 17 years of age until S.L. disclosed her true age of 16 during the travels.

The defendant and S.L. arrived in the area of "East St. Louis" and he conducted an internet search for inexpensive hotels. After locating a suitable option, the defendant obtained a hotel room at an establishment in "East St. Louis". The defendant provided his Kansas Driver's License to employees as he paid $35 cash for a one-night stay for two individuals. S. L. remained in the vehicle as the defendant registered the hotel room. Inside the hotel room, the defendant engaged in vaginal sex with S.L. He noted S.L. was "on her period" and that the sexual intercourse was unprotected.

A criminal history check revealed the defendant is a registered sex offender from a conviction in 2014 for Aggravated Indecent Solicitation of a Minor. The victim in that case was 12 year old.

Agent Jones reviewed the statutes for both Illinois and Missouri regarding age of consent and identified statutes reflecting illegal sex acts:

Illinois 720 ILCS 5/ 11-1.50 (c), Criminal Sexual Abuse, a person commits criminal sexual abuse if that person commits an act of sexual penetration or sexual

conduct with a victim who is at least 13 years of age but under 17 years of age and the person is less than 5 years older than the victim.

Missouri 566.068, Child Molestation, second degree, a person commits the crime of child molestation in the second degree if he or she subjects another person who is less than seventeen years of age to sexual contact.

## SUMMARY OF ARGUMENT

The defendant's conviction and judgment must be affirmed, as it is legally correct. On April 4, 2018, the defendant filed this pro se petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. 46).

Defendant was represented throughout the pretrial, trial and appeal proceedings by Assistant Public Defender Tim Burdick.

## ARGUMENT

Mr. Viquesney raises the issue of ineffective assistance of counsel claiming his attorney failed to raise the Kansas age of consent issue.   The defendant contends that because the age of consent in Kansas is 16 years old, he is not guilty of the crime charged. The defendant was charged with a violation of 18 U.S.C. 2423(a). That statute establishes guilt when "A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, with the intent that the individual engage in prostitution, or any sexual activity for which a person can be charged with a criminal offense. Therefore, the elements of that crime are: (1) transportation across state lines; (2) person under 18 years of age; (3) with the intent to engage in sexual activity for which a person can be charged.   There is no doubt the defendant transported S.L in interstate commerce, and the defendant does not claim otherwise.

There is no doubt that S.L. was only 16 years old at the time of the transportation. Thus, she was under the age of 18 years old at the time of the offense. Finally, with the intent to engage in sexual activity for which the defendant can be charged. The defendant now disputes this element. It is important to note, he does not deny that he traveled with the intent to engage in sexual activity with S.L. but only that the sexual activity he intended to engage in was not illegal in Kansas.

The Sixth Amendment to the Constitution guarantees the right to effective assistance of counsel in criminal prosecutions. See *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000). The Supreme Court has established a two prong test to evaluate ineffective assistance of counsel claims. *Strickland v. Washington*, 466 U.S. 668 (1984). In order to obtain reversal of a conviction, a defendant must prove both that his counsel's performance fell below an objective standard of reasonableness and that the counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the trial. In reviewing an ineffective assistance of counsel claim, the court should judge defense counsel's performance pursuant to an objective standard of reasonableness and maintain the presumption that defense counsel provided professionally competent assistance. See *Harris v. Day*, 226 F.3d 361, 364 (5th Cir. 2000). Courts should presume effectiveness and avoid second-guessing or the benefit of hind sight. *Strickland v. Washington*, supra at 689-90. Furthermore, a defendant's failure to satisfy one part of the *Strickland* test negates the court's need to consider the other. See *LaFevers v. Gibson*, 182 F.3d 705, 724 (10th Cir. 1999).

In deciding whether a counsel's performance was ineffective, the court should consider the totality of the circumstances. See *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999). Under the second or performance prong of the *Strickland* test, there is a "strong presumption"

that trial counsel's strategy and tactics both fall "within the wide range of reasonable professional assistance". *Strickland v. Washington*, *supra* at 689; *Pickens v. Gibson*, 206 F.3d 988, 1001 (10th Cir. 2000). In order to demonstrate prejudice the defendant must show that trial counsel's errors were prejudicial and deprived the defendant of a "fair trial, a trial whose result is reliable". *Strickland v. Washington*, *supra* at 692. This burden is not met by showing that the outcome of the proceeding would have been different but for the alleged errors of trial counsel. See *Williams v. Taylor*, 529 U.S. 362, 391-93 (2000).

It is this legal background against which the defendant's claim of ineffective assistance of counsel should be considered.

### I.     Claim of Ineffective Assistance of Counsel

The defendant's claim of ineffective assistance of counsel alleges his trial attorney failed to properly raise the Kansas age of consent issue. He argues his attorney wrongfully allowed him to plead guilty to a crime for which an essential element was missing (namely, the sexual activity the defendant intended to engage in was not a crime in the district of Kansas). The defendant's arguments are misplaced.

Throughout this case, the defendant was represented by highly respected and competent counsel. At every stage of the proceeding, counsel for the defendant aggressively represented the defendant's interest. Certainly defense counsel was aware that a violation of Title 18 United States Code §2423(a) is a continuing offense. The general venue statute provides, in pertinent part:

> Any offense involving …transportation in interstate or foreign commerce is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce moves…


18 U.S.C. §3237(a).

Thus, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be prosecuted in any district in which such offense was begun, continued or completed. Therefore, the defendant could have been prosecuted in Virginia, Maryland, Illinois, Missouri or Kansas. It is not necessary the criminal sexual activity take place in the district in which the defendant was ultimately charged. In fact, there is no requirement that sexual activity actually take place, *United States v. Vargas-Cordon*, 733 F.3d 366 (2nd Cir. 2012). In that case the court properly noted,

> "To secure a conviction under § 2423(a), the government thus must prove beyond a reasonable doubt that the defendant, (1) knowingly transported a minor across state lines and (2) with the intent that the minor engage in sexual activity for which some person could be criminally charged. The government need not prove, however, that the unlawful sexual activity actually took place: § 2423(a) is a crime of intent, and a conviction is entirely sustainable even if no underlying criminal sexual act ever occurs."

*Id.* at 375.

Thus, the crime for which the defendant was convicted was the transportation of a minor with the *intent* to engage in illicit sexual activity. The defendant must simply form "the illicit intent before the conclusion of the interstate journey." *Reamer v. United States*, 318 F.2d 43, 49 (8th Cir.) (quoting *Mortensen v. United States*, 322 U.S. 369, 374, 64 S.Ct. 1037, 88 L.Ed.1331(1944)), *cert denied*, 375 U.S. 869, 84 S.Ct. 129 (1963). *See also. United States v. Cole*, 362 F.3d 704 (8th Cir. 2001).

In this case, the defendant formed the intent to engage in sexual activity with S.L. The crime began in the district of Kansas when he began communicating online with S.L. The defendant then traveled to Virginia to meet up with the victim. He then transported her from Virginia to Maryland, into Illinois, and Missouri, ultimately ending up in the district of Kansas.

10

In *United States v. Hoffman* 2009 WL 2905770 (W.D.Arkansas 2009), the district court correctly found venue proper in the Western District of Arkansas, "as this is the district in which defendant ended his interstate travel with the female minor in count two." 2009 WL 2905770 *7. The defendant's intent to engage in sexual activity is supported by S.L.'s statement that she broke off communication with the defendant because he was "always hitting on me, and I did not want it." Additionally, the defendant was clearly aware of the illegality of his actions (further supporting his illicit intent), because he lied to S.L's father, and law enforcement, when they contacted him about her whereabouts. When he picked up S.L. in Virginia, the defendant immediately told S.L. to log out of all of her social media accounts, and to shut off her phone. The defendant knew law enforcement would be able to track their movements using the cellphones. The defendant's intent was further established by the fact he did indeed engage in sexual activity with S.L. in the East St. Louis area. The State statutes of both Illinois and Missouri criminalize sexual activity with persons under the age of 17 years of age. In *United States v. Goodwin*, 719 F.3d 857 (8th Cir. 2013), the court correctly noted that the defendant who was located in Texas was still subject to prosecution in North Dakota, even though his conduct would not have been illegal in Texas. *Id*. at 863.

     Therefore, the defendant was properly charged, and convicted, in the district of Kansas, for transporting S.L. in interstate commerce with the intent to engage in illicit sexual activity. The district of Kansas was the final destination of the defendant, and the location where the criminal episode was completed.

The defendant has been unable to provide clear and convincing evidence that his attorney was ineffective.   His attorney was obviously well versed in the law, and understood the flaw in the argument the defendant now makes. His counsel zealously represented the defendant's interests, and his performance clearly met an objectively reasonable standard.   The defendant simply cannot meet his burden to establish that his counsel's performance fell below an objective standard of reasonableness.   Defendant's Motion should be denied.

## CONCLUSION

For all of the reasons set forth in this Response, it is respectfully submitted that the defendant has not been able to demonstrate his counsel failed to provide effective assistance. Counsel did not fail to raise a legal issue that would have precluded the defendant's conviction. Defendant's counsel's representation more then met the "strong presumption" spelled out in *Strickland,* and therefore the defendant's motion should be denied.

The government therefore respectfully requested that the defendant's "Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255" be denied.

Dated this 14th day of May, 2018, in Kansas City, Kansas.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney

 s/Kim I. Flannigan                  KIM I. FLANNIGAN, Ks.S.Ct. # 13407 Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
Kim.Flannigan@usdoj.gov
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of May, 2018, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

    None

I further certify that on this date the foregoing document and the notice of electronic filing were mailed by first-class mail to the following non-CM/ECF participants:

    Logan Viquesney
    28080-031
    MARION - USP
    U.S. Penitentiary
    Inmate Mail/Parcels
    PO Box 1000
    Marion, IL 62959

    s/ Kim I. Flannigan
    Kim I. Flannigan
    Assistant United States Attorney