FILED
JUN 04 2018
TIMOTHY M. O'BRIEN CLERK
By TVN Deputy

Logan Viquesney
#28080-031
United States Penitentiary Marion
P.O. Box 1000
Marion, IL 62959-7500

May 29th, 18

RE: Response to 2255 (Filed April 2nd, 2018)
Case #'s - 2:16-CR-20060-JAR, CIV. 18-2152-JAR

## ARGUMENT

I, Logan M. Viquesney, did show that my attorney was ineffective. I don't meet requirements under Strickland V. Washington, Supra @ 689-90, but I meet all requirements under Hill V. Lockhart, 88 LED2D 203, 474 US 52 (1985).

My Indictment was improper as it states "on or about June 1st, 2016, in the District of Kansas, the Defendant, Logan Viquesney, knowingly transported S.L., an individual who has not attained the age of 18 years, in interstate commerce, with the individual engage in Sexual activity for which any person can be charged with an offense, in violation of Title 18, United States Code, Section 2423(a) and 2426." The indictment never stated the "Sexual Activity" nor the underlying offenses I could have been charged with. There is not the slightest hint of any such conduct alleged in the indictment. As a result, the indictment does not put the defendant on fair notice that he would have to defend against a charge(s) of Child Molestation or Criminal Sexual Abuse. See United States V. Miles, 2006 US Dist Lexis 27226, No. CR-05-0213-HE (OK, 10th Cir, 2006).

The Venue was improper under FRCP Rule 18 as it states "The government must prosecute an offense in a district where the offense was committed. The Court

must set the place of trail within the District with Due regard for the Convenice of the Defendant." The Constitution of the United States, ART 3, Sec. 2, Par. 3, provides: "The trail of all Crimes, except Cases of Impeachment, Shall be by Jury, and Such trail shall be held in the State and District where said crimes shall have been Committed." Also, in Amendment 6 provides: In all Criminal prosecutions, the accused shall enjoy the right to a speedy trail and public trail, by an impartial jury of the State and District wherein the Crime shall have been Committed...." Therefore, the Venue shall have been in the Southern District of Illnois and not the District of Kansas.

Even under 3237(a), Determining where proper venues lies in a Two Step process. First, we must "Identify the Conduct Constuting the offense," we must Determine where "the Criminal Conduct was Committed." Smith, 452 F.3D @ 334-35. If essential Criminal conduct takes place in more than one District, the government may prosecute those offenses "In any District in which Such offense began, Continued, or Completed." Acts which are merely "preparatory" to the underlying offense and it's essentials Conduct, however, cannot provide basis for venue. See United States V. Ramirez, 420 F.3D 134-144 (2D Cir. 2005) (Finding that purposes of mail fraud, venue lies where an individual misuses the mails not where an individual only devises a scheme to defraud.)

I Still Cannot be Charged with a Criminal offense out of the District of Kansas. See United States V. Kimberly, 2005 US Dist. Lexis 9913 (2005) under KSA 21-5507 (Also known as Romeo & Juliet Law) States the age of Consent is 16 years of age. Since there is no definition section for 18 USCS 2423(a) in Chapter 117, it refers only to 2423(f). 2423(F)(i) States "a Sexual Act (as defined in 2246)

PG #3

with a person under 18 yrs of age that would be in violation of Chapter 109A." I could not have been charged with an offense under Chapter 109A Because the victim was not under 16. The Chapter of title 18 which section 2423(a) appears in does not define "sexual Activity", It's plain language is broader than the term "Sexual Act", which is defined by a statute in a related chapter of the code, 18 USCS 2246(2)(D). Section 2246(2)(D) defines "sexual act" as "Intentional touching, not through the clothes, of the genitalia of another person who has not attained the age of 16 yrs. The Courts Suggest that "Sexual Activity" means the same thing as "Sexual Act". Sexual Act Requires Contact. Therefore, in my prior in 2014 did not have contact. 2426 Enhancement does not Apply. See U.S. v. Hayward, 359 F.3D 631-641 (3rd Cir, 2004) and United States v. Taylor (7th Cir, NO# 10-25-15, 2011 4/7/11)

The federal definition of Sexual abuse of a minor is 16 years old. As an underlying crime IL 720 ILCS 5/11-1.50(c), Criminal Sexual abuse and Missouri, Child molestation, are both classified as "Sexual abuse of a minor", see Esquivel-Quintana v. Sessions, 198 LED2D 22, 2017 U.S. Dist. Lexis 3551 (2017) (20 yr old male & 16 yr old female). 2423(b) does not Prohibit Interstate travel to have Consensual Sex with a 16 or 17 yr old minor. Because Chapter 109A, does not prohibit Consensual sex with minors 16 yr old or older. 2423(b) likewise does not prohibit such acts. Under KSA 21-5506 the defendant must perform a Sexual act upon the child under 16 yrs old. Count one does not state an offense which would result in violation of 18 USCS 2423(a). Engaging in Consensual sex acts with another person does not violate chapter 109A unless the person is under 16 yrs old, as like Kansas. Therefore,

I could not have been charged with 2423(a) in the District of Kansas. See United States v. Kelly, 2000 US Dist. Lexis 5293, No.# 99-10100-01-WEB (2000 10th Cir).

Respectfully Submitted,
Logan M. V'quesney

I hereby certify that on May 29th, 2018, the foregoing Documents were mailed by first class mail to the following:

Clerk of the Court
500 State Ave.
Kansas City, KS 66101
United States

Logan M. V'quesney