### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

  v.

**LOGAN VIQUESNEY,**

  **Defendant.**

Case No. 16-CR-20060-JAR-1

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Logan Viquesney's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 46). In his motion, Petitioner seeks relief on grounds that he was denied effective assistance of counsel. The Government has responded, and Petitioner has replied.[1] Petitioner subsequently moved to dismiss the indictment and to compel judgment in his favor. (Docs. 53, 54). After careful review of the record and arguments presented, the Court **denies** Petitioner's § 2255 motion and motion to dismiss indictment without further evidentiary hearing.

**I. Factual and Procedural Background**

Petitioner and S.L., a sixteen-year-old juvenile at the time of the incident giving rise to this case, met in 2014 through a mutual friend in Grain Valley, Missouri. The two maintained contact for a short period, then reconnected in the summer of 2016 when S.L. was residing with extended family in Dumphries, Virginia. S.L. reached out to Petitioner, expressed that she was lonely and wanted to leave, and agreed to Petitioner's request to visit her in Dumphries.

---

[1] Doc. 50; Doc. 51. The Court does not consider any arguments Petitioner raises for the first time in his reply brief. *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002).

Petitioner departed from his home in Kansas City, Kansas on May 29, 2016, and arrived in Dumphries on May 30, 2016. Petitioner met S.L. at the address she provided, and S.L. got in Petitioner's vehicle with clothing she had packed. The two traveled first to Baltimore, Maryland, then toward the Midwest, stopping several times to rest and sleep. During one stop at a Relax Inn in East St. Louis, Illinois, on May 31, 2016, Petitioner and S.L. engaged in vaginal intercourse. Afterward, the pair continued traveling west.

Lenexa, Kansas, law enforcement and the FBI, with cooperation of S.L.'s family, Petitioner's mother, and Petitioner's ex-roommate, located and intercepted Petitioner and S.L. while parked in a parking lot in Kansas City, Kansas, and arrested Petitioner without incident. FBI lab results identified the presence of Petitioner's semen on S.L.'s vaginal opening, labia, chest, and abdomen.

Prior to this incident, Petitioner became a registered sex offender following a 2014 conviction for Aggravated Indecent Solicitation of a Minor; the victim in that case was twelve years old.

On May 31, 2017 in the District of Kansas, Petitioner pled guilty to Count I of a one count indictment: Transportation of a Minor with Intent to Engage in Criminal Sexual Activity in violation of 18 U.S.C. § 2423(a) and § 2426. On September 12, 2017, Petitioner was sentenced to term of 180 months' imprisonment followed by supervised release for a term of 20 years. Defendant did not appeal his sentence.

Petitioner timely filed this § 2255 motion on April 12, 2018, and requests the Court vacate and expunge his conviction.[2]

---

[2] 28 U.S.C. § 2255, ¶ 6(1), provides that a defendant has one year from the date his judgment of conviction became final to file his § 2255 motion.

## II. Legal Standards

### A. Section 2255

Under § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion….

An evidentiary hearing must be held on a § 2255 motion "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[3] Because Petitioner appears *pro se*, his pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.[4] If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[5] However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[6] For that reason, the court

---

[3] 28 U.S.C. § 2255(b).

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Id.*

[6] *Id.*

shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[7]

### B.     Ineffective Assistance of Counsel

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his defence."[8] A successful claim of ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v. Washington*.[9] First, a defendant must show that his counsel's performance was deficient in that it "fell below an objective standard of reasonableness."[10] To meet the first prong, a defendant must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance."[11] This standard is "highly demanding."[12] Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[13] In all events, judicial scrutiny of the adequacy of attorney performance must be strongly deferential: "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[14] Moreover, the reasonableness of the challenged conduct

---

[7] *See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[8] U.S. Const. amend. VI; *Kansas v. Ventris*, 556 U.S. 586, 590 (2009).

[9] 466 U.S. 668 (1984).

[10] *Id.* at 669.

[11] *Id.* at 690.

[12] *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[13] *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quoting *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995)) (internal quotations omitted).

[14] *Strickland*, 466 U.S. at 689.

must be evaluated from counsel's perspective at the time of the alleged error; "every effort should be made to 'eliminate the distorting effects of hindsight.'"[15]

Second, a defendant must also show that his counsel's deficient performance actually prejudiced his defense.[16] To prevail on this prong, a defendant "must show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different."[17] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[18] This, in turn, requires the court to focus on "the question whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[19] A defendant must demonstrate both *Strickland* prongs to establish a claim of ineffective assistance of counsel, and a failure to prove either one is dispositive.[20]

### III.   Discussion

As a preliminary matter, the Tenth Circuit has "repeatedly held that a motion to dismiss an indictment … must be filed before final judgment; after that time a pleading challenging the adequacy of an indictment is properly deemed a § 2255 motion."[21] Accordingly, Petitioner's

---

[15] *Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

[16] *Strickland*, 466 U.S. at 687.

[17] *Id.* at 694.

[18] *Id.*

[19] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[20] *Smith v. Robbins*, 528 U.S. 259, 286 n. 14 (2000) (quoting *Strickland*, 466 U.S. at 697) ("The performance component need not be addressed first. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'"); *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

[21] *United States v. Preciado-Quinonez*, 53 F. App'x 6, 7 (10th Cir. 2002).

Motion to Dismiss Indictment is construed as a claim under § 2255 in addition to his Motion to Vacate under § 2255.

Petitioner argues that an element of the crime for which he was convicted is not met, and he therefore received ineffective assistance of counsel when his attorney did not move to dismiss the indictment as charged. Specifically, Petitioner argues the element of 18 U.S.C. § 2423(a) that requires a defendant have intent to "engage in prostitution or any sexual activity for which any person can be charged with a criminal offense" is not met because Kansas has no statutes criminalizing sexual intercourse with an individual sixteen years of age and a sixteen-year-old is capable of consent in Kansas.

The Government argues Petitioner's motion should be denied because § 2423(a) is a continuing offense, and any offense against the United States that took place in multiple districts may be prosecuted in any district in which the offense started, continued, or concluded. Because Petitioner's conduct is punishable under Missouri and Illinois law, the Government argues each element of § 2423(a) is met and Petitioner was rightfully prosecuted in the District of Kansas. The Court agrees.

Petitioner's ineffective assistance of counsel claim fails because he cannot show deficient representation under *Strickland* when each element of § 2423(a) is satisfied, and his counsel demonstrated professional competence by not moving to dismiss the indictment. A defendant is guilty under § 2423(a) when he

> knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense.

Petitioner does not contest that he transported S.L. in interstate commerce, that S.L. was under the age of eighteen at the time of transportation, or that he traveled with the intent to engage in sexual activity with S.L.  He only argues this conduct is not an offense with which he can be charged in Kansas.

Although Petitioner's sexual activity is not chargeable in the State of Kansas, it is in Illinois.[22]  Section 2423 is a continuing offense that triggers venue statute 18 U.S.C. § 3237(a), which provides "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."  Because Petitioner's offense continued across multiple states and concluded in Kansas, it was rightfully prosecuted in the District of Kansas.  It does not destroy venue in Kansas that all elements of the crime were met prior to Petitioner and S.L.'s arrival in Kansas because the offense is deemed committed "over the whole area through which force propelled by an offender operates."[23]

Finally, that Petitioner's conduct is violative of Illinois but not Kansas law does not prevent him from fulfilling the § 2423(a) element that requires a defendant to have intent to

---

[22] Under Illinois law, "[a] person commits criminal sexual abuse if that person commits an act of sexual penetration or sexual conduct with a victim who is at least 13 years of age but under 17 years of age and the person is less than 5 years older than the victim." 720 Ill. Comp. Stat. Ann. 5/11-1.50 (West 2011).  The Government also argues Petitioner's conduct is chargeable under Mo. Ann. Stat. § 566.068 (West 2020) which provides "[a] person commits the offense of child molestation in the second degree if he or she…[b]eing more than four years older than a child who is less than seventeen years of age, subjects the child to sexual contact and the offense is an *aggravated sexual offense*." (emphasis added).  It is not clear from the stipulated facts of Petitioner's plea agreement whether his conduct was an "aggravated sexual offense" under Missouri law and therefore not clear whether he could be charged under § 566.068.  *See* Chapter 566 and 568 Definitions, Mo. Ann. Stat. § 566.010(1) (West 2020).  Because Petitioner may be charged under Illinois law, however, the Court's analysis remains unchanged.

[23] *United States v. Thomas*, No. 91-4061, 1993 WL 53600 *1 at *8 (10th Cir. Feb. 23, 1993) (citing *United States v. Johnson*, 323 U.S. 273, 275 (1944)); *see also United States v. Lukashov*, 694 F.3d 1107, 1122 (9th Cir. 2012) (finding the "continuing offense of sexual abuse of a minor continued until [the minor] was safely home"); *id.* at 1121 (citing *United States v. Lopez*, 484 F.3d 1186, 1192 (9th Cir. 2007) (en banc)) (finding a continuing offense "does not terminate merely because all of the elements are met").

7

"engage in [] any sexual activity for which any person can be charged."[24]  Venue is proper under § 3237(a) "in any district from, through, or into which" the victim was transported," and is not limited in the context of § 2423(a) to the district where the sexual activity occurred.[25]  Thus, Petitioner's conduct satisfied the chargeable conduct element because Petitioner can be charged with violation of 720 Ill. Comp. Stat. Ann. 5/11-1.50.  Accordingly, Petitioner's indictment was not faulty, and Petitioner's assistance of counsel was not ineffective when his attorney did not move to dismiss the indictment.

Even if Petitioner were able to meet the first *Strickland* prong, he has made no showing that his counsel's actions or inactions prejudiced his defense.  To prevail on the prejudice prong of *Strickland* in the context of a guilty plea, the defendant must show that there is "a 'reasonable probability' that [he] 'would not have pleaded guilty and would have insisted on going to trial' but for counsel's errors."[26]  The Court must make a holistic inquiry into all factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial.[27]  Mere allegations that the petitioner would have insisted on going to trial, although necessary, are insufficient.[28]  "Proof of prejudice requires a petitioner to show that 'a decision to reject the plea bargain would have been rational under the circumstances.'"[29]  To determine rationality, courts

---

[24] *See United States v. Cole*¸ 262 F.3d 704, 708–09 (8th Cir. 2001) (finding defendant properly indicted in Arkansas Court under § 2423(a) where criminal sexual activity element was fulfilled by violation of Florida statute criminalizing sexual activity with a person less than 16 years of age).

[25] *Clinton v. United States*, 293 F.2d 47, 47–48 (10th Cir. 1961); *see United States v. Vonneida*, 601 F. App'x 38, 41 (2d Cir. 2015) (finding § 2423(a) is an intent crime and conviction under it is sustainable even if no criminal sexual activity actually occurred); *see also United States v. Lawrence*, 187 F.3d 638 (Table), 1999 WL 5513558 at *4 (6th Cir. July 19, 1999) (same).

[26]*Heard v. Addison*, 728 F.3d 1170, 1175–76 (10th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

[27]*Id.* at 1183.

[28]*Id.* at 1184.

[29]*Id.* (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

assess "objective facts specific to a petitioner, such as age, the length of the sentence he faced under the terms of the plea deal, the prospect of minimizing exposure to other charged counts, and so on."[30]  The Tenth Circuit "remain[s] suspicious of bald, post hoc and unsupported statements that a defendant would have changed his plea absent counsel's errors."[31]

Petitioner alleges no facts to support a reasonable probability that but for counsel's failure to move to dismiss the indictment, the results of the plea proceeding would have been different.[32]  He does not dispute the detailed, agreed-upon facts in his plea agreement, but argues only that he cannot be charged under § 2423(a) in the District of Kansas.[33]  In exchange for his guilty plea, Petitioner received an agreed-upon sentence of 180 months' imprisonment, much lower than the Guideline range of 235 to 293 months calculated by the United States Probation Office in the Presentence Investigation Report.[34]  Thus, even if Petitioner had argued he would have rejected the plea agreement but for counsel's alleged errors, he could not demonstrate that doing so would have been rational under the circumstances.[35]  Accordingly, Petitioner's claims fail to satisfy either *Strickland* prong, and he is not entitled to relief.

## IV.   Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, courts must issue or deny a certificate of appealability when entering a final order adverse to the applicant.[36]  A certificate of appealability may issue only if the applicant has made a substantial showing of the

---

[30] *Id.* at 1183.

[31] *Id.* at 1184.

[32] *See United States v. Young*, 206 F. App'x 779, 785 (10th Cir. 2006).

[33] *See* Doc. 34 at 1–4.

[34] *See* Doc. 38 ¶¶ 45–56, 98 (based on Total Offense Level of 34, Criminal History category V).

[35] *See Padilla*, 559 U.S. at 372.

[36] The denial of a § 2255 motion is not appealable unless a circuit justice or a district judge issues a certificate of appealability.  Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

denial of a constitutional right.[37]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[38]  For reasons stated above, the Court finds Petitioner has not satisfied this standard and denies a certificate of appealability for its ruling on his § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 46) and Motion to Dismiss Indictment (Doc. 53) are **denied** without evidentiary hearing.  Petitioner is also denied a certificate of appealability.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Compel (Doc. 54) is **denied as moot.**

**IT IS SO ORDERED.**

Dated: June 29, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[37] 28 U.S.C. § 2253(c)(2).

[38] *Saiz v. Ortiz,* 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke,* 542 U.S. 274, 282 (2004)).